NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN GARGIULO Jr. AND DOM'S FOOD SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN BALDUCCI, Krystal Fruits & Vegetables, Inc. DBA Arrow Produce, a New York Corporation, JOHN DOES 1-100 (fictitious names); ABC, L.L.C. 1-25 (fictitious names), and XYZ CORP. 1-25 (fictitious names) <br><br> Defendants. | Hon. Dennis M. Cavanaugh <br> Civil Action No. 12-cv-112 (DMC-JAD) <br><br> **OPINION** |

This matter comes before the Court upon motion by defendants John Balducci and Krystal Fruits & Vegatables, Inc. d/b/a Arrow Produce to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of New York Central Islip. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Defendants' motion is **DENIED**.

**I.     BACKGROUND**[1]

The present motion in this contract dispute requires the Court to determine whether, for the convenience of the parties and witnesses, and in the interests of justice, this matter should be transferred from this District to the Eastern District of New York, Central Islip.

---

[1] The facts are taken from the parties' respective submissions.

Plaintiff Alan Gargiulo, Jr. ("Gargiulo"), a New Jersey resident, owns Dom's Food Service, Inc. ("Dom's"), (collectively, "Plaintiffs") a New Jersey corporation that brokers deals between purchasers and suppliers of food for a commission. Plaintiffs allege that they had an oral agreement with defendants John Balducci ("Balducci") a New York resident, and his company Krystal Fruits & Vegetables, Inc., d/b/a Arrow Produce ("Arrow")(collectively "Defendants"), a New York corporation that is registered as a foreign corporation in New Jersey. The alleged agreement required Plaintiffs to broker contracts for Defendants to supply produce and dairy for a commission fee based upon ten percent (10%) of all gross sales generated. Plaintiffs claim that this oral agreement is proven by a course of dealing, a series of payments Arrow made to Plaintiffs reflecting a 10% commission of gross sales paid to Dom's over one year, and contracts with purchasers of fresh produce. According to Plaintiffs' Complaint, several of the checks sent from Arrow specifically note on the checks themselves that they are "commissions." These payments were made from Arrow's New York office to Plaintiffs in New Jersey. Recently, however, this purported relationship broke down, and Arrow has allegedly stopped paying Plaintiffs their commission.

Defendants now move before this Court to transfer the instant case from the District of New Jersey to the Eastern District of New York, Central Islip.

## II. STANDARD OF REVIEW

The decision of whether to transfer a case is committed to the trial court's sound discretion. *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000); *Days Inns Worldwide, Inc. v. RAM Lodging, LLC*, No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010). Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case to any venue where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to avoid the waste of

time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998).

The three factors a court must consider when determining whether to transfer a matter pursuant to § 1404(a) are: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Id.* In addition to these statutory factors, the Third Circuit established a list of public and private interests that should also be considered when deciding whether to transfer an action:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Johnson v. RiteAid*, No. 10-2012, 2011 WL 2580375, at *2-3 (D.N.J. June 28, 2011) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)).

Thus, the Court must engage in a two part analysis to determine whether a motion to transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance. *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450

(D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. *Id.* "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" *Id.* (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988) (internal citations omitted)).

The burden of persuasion falls upon the moving party on a motion to transfer. *Rappoport*, 16 F. Supp. 2d at 502. The movant must demonstrate "the proprietary of venue in the transferee district and jurisdiction over all of the defendants." *RAM Lodging*, 2010 WL 1540926 at *2 (quoting *LG Electronics, Inc. v. First Int'l Computer, Inc.*, 102 F. Supp. 2d 574, 586 (D.N.J. 2001)). Moreover, "[t]he burden is not on the plaintiff to show the proposed alternative forum is inadequate. Rather, the burden is on the moving party to show the proposed alternative forum is not only adequate, but also more convenient than the present forum." *Rappoport*, 16 F. Supp. 2d at 498. A "[t]ransfer analysis under § 1404 is a flexible and individualized analysis and must be made on the unique facts presented in each case." *Id.*

### III. DISCUSSION

As a threshold matter, this Court must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. *See Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 29 (1988). The jurisdiction requirement will ordinarily be considered satisfied when the defendant is amenable to process in the other jurisdiction, unless the remedy offered by the other forum is "clearly inadequate or unsatisfactory." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n. 22 (1981). Here, corporate defendant Arrow is a New York corporation with its principal place of business in Westbury, New York, which is located within the Eastern District. Individual defendant Balducci lives and works in New York. There is no contention that the remedy offered in the Eastern District of New York would be "clearly inadequate or unsatisfactory."

Therefore, both Defendants are amenable to process in the Eastern District of New York and jurisdiction is proper.

Proper venue is defined by 28 U.S.C. § 1391, and provides that a civil action may be brought is a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. For purposes of venue, a natural person will be deemed to reside in the judicial district in which that person is domiciled, while a corporation will be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action in commenced. As stated above, corporate defendant Arrow is subject to personal jurisdiction in New York and defendant Balducci is domiciled in New York. Therefore, venue is proper in the Eastern District of New York.

Having found that jurisdiction and venue are appropriate and that the claim could have originally been brought in the Eastern District of New York, this Court turns to the private and public factors to determine whether transfer is appropriate.

The first private factor for consideration is each party's choice of venue. In assessing a motion to transfer, a plaintiff's choice of forum should be given great weight and should not be disturbed unless the balance tips strongly in favor of the defendant. *See Lawrence*, 56 F.Supp.2d at 452 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (1970) ("It is black letter law that plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed.") (internal citations omitted). Here, Plaintiffs chose to litigate this action in their home state of New Jersey and, although Defendants seek to have the matter litigated in the Eastern District of New York, this factor weighs in favor of Plaintiffs.

5

The second private factor is where the claim arose. "In a contract dispute, courts consider several specific factors that relate to where the claim arose, including (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged breach occurred." *Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*, No. 08-668, 2008 U.S. Dist. LEXIS 90720, at *14 (D.N.J. Nov. 7, 2008) (internal citations omitted).

The parties disagree on where the claims arose. Plaintiffs allege that they performed their obligations under the alleged oral contract from their New Jersey office. Defendants argue that they performed their duties from their offices in New York and, if there <u>was</u> a breach of any contract, it occurred in New York. The competing arguments cannot be said to definitively establish where the claim arose, as Plaintiffs allege (despite Defendants' arguments to the contrary) that some of Defendants' performance occurred in New Jersey. There is an insufficient record for the Court to place this category in either column.

The convenience of the parties' factor, when the record is reviewed closely, weighs in favor of <u>neither</u> of the parties. The Court finds that both parties will be similarly, but not overwhelmingly, inconvenienced regardless of which forum is selected. The same analysis holds true for the witnesses. The competing venues are not so far apart that anyone, witnesses or parties – and the Court currently understands that apparently the witnesses either are the parties or closely affiliated thereto – will be more inconvenienced than the other as a result of the venue. It is worth noting that the general rule is that defendants should be deposed in the district in which they reside. Barring any unforeseen arguments to the contrary, it will only be at trial, or if they wish to observe any potential motion practice, that Defendants will presumably be inconvenienced by the relatively manageable trip from central Long Island to Newark, New

Jersey. Moreover, the Court is not convinced that document production will suffer as a result of the venue.

Similarly, the public interests that the Court must weigh when deciding whether to transfer an action will be equally served, in this Court's view, by either forum.[2]

After taking all of the foregoing into consideration, this Court cannot conclude that Defendants met their burden of demonstrating that it would be more convenient for all the parties and witnesses to have this case litigated and tried in the Eastern District of New York, Central Islip. More to the point, there is nothing in the record that demonstrates that either party will be more seriously inconvenienced during discovery as a result of the venue. Plaintiffs' choice of forum should be honored.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' motion to transfer the case to the United States District Court for the Eastern District of New York, Central Islip is **DENIED**.

_____  9/6/12
Joseph A. Dickson, U.S.M.J.

cc.   Honorable Dennis M. Cavanaugh, U.S.D.J.

---

[2] Both parties offer conclusory arguments to support their positions; the Court is not particularly persuaded by any of them.